UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CLIFFORD A. PAOLILLO,
              *Plaintiff-Appellant,*

v.

ADRIENNE MURPHY, individually, and
as Personal Representative and
Special Administrator of the Estate
of Frances Paolillo,
              *Defendant-Appellee.*

No. 01-1234

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-99-2508-WMN)

Argued: December 5, 2001

Decided: January 10, 2002

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Robert Allen Rohrbaugh, LAW OFFICE OF ROBERT
A. ROHRBAUGH, L.L.C., Rockville, Maryland, for Appellant. G.
Randall Whittenberger, MILES & STOCKBRIDGE, P.C., Frederick,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Clifford Paolillo (Clifford) appeals the district court's grant of summary judgment in favor of his sister, Adrienne Murphy (Adrienne), on his claims under Maryland law for breach of fiduciary duty, conversion, deceit, and malicious prosecution. We affirm.

I

For many years prior to 1995, Frances Paolillo (Frances) and Adrienne maintained joint investment accounts with rights of survivorship.[1] In August 1995, these joint investment accounts contained approximately 1.4 million dollars in municipal bonds.

On August 25, 1995, Frances executed a will, a power of attorney in favor of Adrienne, and the Frances Paolillo Revocable Trust document (the Trust) in an attorney's office in Frederick, Maryland.[2] The Trust designated Adrienne as the sole trustee, but provided that, upon Frances' death, any remaining trust assets would be divided equally between Clifford and Adrienne.[3]

In September 1995, Adrienne transferred approximately $745,000 in municipal bonds from the joint investment accounts to the Trust. At the same time, Adrienne transferred approximately $716,000 in municipal bonds from the joint investment accounts to the Adrienne Murphy Revocable Trust.

---

[1]Frances, who is now deceased, was the mother of Clifford and Adrienne.

[2]Although Frances was exhibiting symptoms of dementia at the time she executed the documents, the parties do not contend that she lacked the mental capacity to execute these documents.

[3]Frances' will left her entire estate equally to Clifford and Adrienne.

In late September 1995, Adrienne called Clifford and told him to expect a call from Frances who was claiming that Adrienne had robbed her. In the conversation, Adrienne told Clifford that, because of Frances' deteriorating mental condition, she had set up the Trust to protect Frances' assets. Adrienne also told Clifford that all of Frances' assets had been placed in the Trust. According to Clifford, this is the first time he was made aware of the existence of the Trust, and he was not made aware, at that time, of the existence of the Adrienne Murphy Revocable Trust.

Thereafter, Clifford requested and received a copy of the Trust document from the attorney that prepared it. According to Clifford, once it was explained to Frances that Adrienne, as sole trustee, had "total control" of the Trust, (J.A. 1276), Frances insisted that Clifford be added as a trustee, which was done in December 1995.[4]

According to Clifford, in July 1997, he began to suspect that all of Frances' money was not being deposited in the Trust. Thereafter, he questioned Adrienne and made several attempts to get information from brokerage firms which advised Clifford to contact Adrienne.

On August 3, 1997, Adrienne wrote a note to the Edenton Nursing Home in Frederick, where Frances resided. The note instructed the nursing home that only Adrienne, her husband, and her daughter could take Frances out of the nursing home and that if "Clifford . . . comes to visit Frances, he cannot leave The Garden House without my knowledge and permission." (J.A. 361).

On November 3, 1997, Clifford attempted to leave the nursing home with Frances, but the nursing home staff refused to allow her to leave with him. As a result, Clifford assaulted an employee of the nursing home, broke down a door, and drove off with Frances. When Clifford and Frances were stopped in Pennsylvania, he agreed to let her return to the nursing home. As a result of Clifford's actions at the Edenton Nursing Home, an arrest warrant was issued for Clifford for kidnapping, assault, and destruction of property.[5] When Clifford

---

[4]In July 1996, the Trust was converted from a revocable trust to an irrevocable trust.

[5]The arrest warrant was issued pursuant to an Application for Statement of Charges submitted by Frederick County Deputy Sheriff Kenneth Olander.

learned of the arrest warrant in August 1998, he voluntarily returned to Maryland and surrendered.[6]

On November 22, 1998, Frances died. However, a month earlier, on October 19, 1998, Adrienne withdrew $52,148 from the Trust without Clifford's consent. As a result, Clifford filed suit in Frederick County Circuit Court for an accounting. Through discovery, it was revealed that $25,876 was also removed from the Trust without Clifford's consent. Eventually, the case was dismissed because all the funds removed from the Trust were expended in accordance with the terms of the Trust.

On August 17, 1999, Clifford filed a complaint against Adrienne, individually and as personal representative and special administrator of the estate of Frances, in the United States District Court for the District of Maryland. The complaint alleged six claims under Maryland law; two claims for breach of fiduciary duty, two claims for conversion, one claim for deceit, and one claim for malicious prosecution. The complaint sought two million dollars in compensatory damages and an unspecified amount of punitive damages.

On March 27, 2000, Adrienne filed two motions for summary judgment, one relating to the malicious prosecution claim and the other relating to the remaining claims. On August 11, 2000, the district court held that all of Clifford's claims were barred by Maryland's three-year statute of limitation,[7] except the malicious prosecution claim and the claims for breach of fiduciary duty and conversion stemming from Adrienne's 1998 withdrawals of money from the Trust without Clifford's consent. According to the district court, most of Clifford's claims were barred because Clifford knew of facts in 1995 sufficient to cause a reasonable person to investigate further and a diligent investigation would have revealed the existence of the claims. With respect to the malicious prosecution claim, the district court held that the claim was not viable because Adrienne did not file the charges, did not report the matter to the police, and did not instigate or aid the criminal prosecution. With respect to the breach of

---

[6]The kidnapping charge was dismissed in March 1999.

[7]Md. Code Ann., Cts. & Jud. Proc. § 5-101.

fiduciary duty and conversion claims stemming from Adrienne's 1998 withdrawals of money from the Trust without Clifford's consent, the district court denied without prejudice Adrienne's motion for summary judgment and permitted Adrienne to supplement the record to account for the funds withdrawn. Following an accounting by Adrienne, the district court granted summary judgment in favor of Adrienne on these claims.

Clifford noted a timely appeal.

## II

On appeal, Clifford initially contends that the district court erred when it held that some of his claims were barred by Maryland's three-year statute of limitation. Next, Clifford contends that the district court erred in granting summary judgment in favor of Adrienne on his malicious prosecution claim and on his claims for breach of fiduciary duty and conversion stemming from Adrienne's 1998 withdrawals of money from the Trust without his consent because there are genuine issues of material fact concerning these claims.

Upon reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we find no reversible error. Accordingly, we affirm on the reasoning of the district court. *Paolillo v. Murphy*, No. 99-CV-2508 (D. Md. August 11, 2000 & January 22, 2001).

*AFFIRMED*